STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-00-028
PAF - YOR - 10/4/2000

JOHN C. DESARIO,

  Plaintiff

 v.

DONALD L. GARBRECHT
LAW LIBRARY

OCT 5 2000

**ORDER
AND
DECISION**

TOWN OF YORK,

  Defendant

The plaintiff is the owner of a 2.9 acre parcel of land on Raynes Neck Road in York that is in the residential 1A zone in York. That zone requires 2.0 acres for each dwelling.

In 1983 the plaintiff, after receiving a building permit, built a structure which included a shop on the ground floor and a residence above. After obtaining a certificate of occupancy in 1984 he and his family moved into the area above the shop.

Mr. Desario applied for and received a second building permit in April of 1986 to construct a second home. The plot plan that was submitted with the request for the building permit did show the "existing building" but did not explicitly state that the "existing building" would or would not be continued to be used, in part, as a residence once the new larger home was built. The following March the plaintiff obtained permission to amend the second building permit to expand the original plans. The new plans again did not state what the existing building would be used for. However, it appears that the then Code Enforcement Officer was aware through

conversations that the existing building would continue to be used for residential purposes and voiced no objection.

Construction on the new home was slow and it took until 1992 for the house to be framed and the roof completed. In June of 1992 the plaintiff approached the Town to see if the building permit was valid. The answer was yes but the plaintiff was told that he could have only one residence on the property, and that he must agree to discontinue the residential use of the first building once the second was done or face revocation of the building permit. The plaintiff apparently reluctantly agreed to this in a handwritten agreement of June 10, 1992 which is at Record, Exhibit 4 at the bottom of the 1986 building permit.

The new home was finished in 1998 and a temporary occupancy permit was issued conditioned upon "removal of shop dwelling." That was followed by the issuance of a permanent occupancy permit with the condition that, "The former shop with finished space above cannot be used or rented as a dwelling". The plaintiff requested permission to maintain the residence in the first building. That request was denied by the Code Enforcement Officer and an appeal from that decision, following intermediate proceedings before the Board of Appeals and this Court, was denied on remand from this Court by the Board of Appeals. A separate request for a variance was also denied but has not been appealed.

The central issue on appeal is whether the Board of Appeals was correct in denying the appeal, which would allow both buildings to be used as residences, pursuant to the doctrine of equitable estoppel.

The law regarding equitable estoppel is set out in a number of Law Court cases. In *F.S. Plummer Co. v. Town of Cape Elizabeth*, 612 A.2d 856 (Me. 1992) the Court restated that equitable estoppel can be applied to activities of a governmental official in discharge of governmental functions. The Court also stated that in reviewing claims of equitable estoppel it was necessary to ". . . review the totality of the circumstances involved, including the nature of the government official or agency whose actions provide the basis for the claim and the governmental function being discharged by that official or agency." See 860 and *Maine School Administrative District No. 15 v. Raynolds*, 413 A.2d 523, 533 (Me. 1980) which states the same principle with different words. In order for the doctrine of promissory estoppel to be properly utilized there must be a determination that the declaration or acts relied upon induced the plaintiff in this case to do something that resulted to his detriment and what he would not have otherwise done. The reliance must be reasonable. See page 860. Lastly, the burden of proof on the plaintiff is greater because of "the [f]orceful public reasons [that] militate against restricting the enforcement of municipal zoning ordinances." *Plummer* at 860-1 quoting *City of Auburn v. Desgrosseilliers*, 578 A.2d 712, 715 (Me. 1990).

The *Plummer* case disposes of the argument that since both buildings have been taxed by the Town as if they could be used for residential purposes then they should be allowed to be used for residential purposes. *Plummer* at 861 says the remedy, under this argument, is a tax abatement.

3

The *Plummer* principles are restated in *H.E. Sargent, Inc. v. Town of Wells*, 676 A.2d 920, 924-5 (Me. 1996). In considering the reasonableness of any reliance in the totality of the circumstances the accuracy of the information provided by the applicant can be considered. Also see *Town of Union v. Strong*, 681 A.2d 14, 19 (Me. 1996) which is a case where the property owner, who was told in mid-construction that the construction violated the zoning ordinance, continued to build.

The determination of facts, if supported by substantial evidence, is for the Board. The issue of whether promissory estoppel should be applied is a legal question. The Board was within its discretion and is supported by the evidence in denying the appeal as the plaintiff never read the ordinances, was told in 1992 that two residential buildings were not permitted and did not challenge that determination, and gave unclear or perhaps incorrect information to the code enforcement officer regarding the use of the "existing building" and the nature of the septic system. The decision of the Board of Appeals to deny the appeal is upheld.

The entry is:

> Decision of the York Board of Appeals to deny the
> administrative appeal of John Desario is affirmed.

Dated:      October 4, 2000

PLAINTIFFS:
William S. Kany, Esq.
SMITH ELLIOTT SMITH & GARMEY
PO Box 1179
Saco, ME.  04072

Paul A. Fritzsche
Justice, Superior Court

DEFENDANTS:
Durward W. Parkinson, Esq.
BERGEN & PARKINSON
62 Portland Rd.
Kennebunk, ME.  04043

4